UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>    Plaintiff,<br><br>v.<br><br>THE BALTIMORE POST-EXAMINER,<br><br>    Defendant. | Case No.: 3:20-cv-00872-H-MSB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Doc. No. 7.] |

On May 8, 2020, Plaintiff Larry G. Philpot ("Plaintiff") filed a complaint alleging Defendant The Baltimore Post-Examiner ("Defendant") infringed Plaintiff's copyright, and seeking damages. (Doc. No. 1.) On August 10, 2020, Defendant filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 7.) Plaintiff filed his opposition and an amended complaint on August 25, 2020. (Doc. Nos. 8–10.) Defendant filed its reply on September 1, 2020. (Doc. No. 11.) On September 2, 2020, the Court took the matter under submission. (Doc. No. 12.)

For the reasons that follow, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction.

1

**Background**

Plaintiff is a freelance photographer who specializes in taking photographs of musicians at concerts and other performances. (Doc. No. 9 ¶ 15.) He is the owner of the copyright in a photograph he took of Ted Nugent in Indiana, Indianapolis on July 31, 2013 (the "Photo"). (Id. ¶¶ 26–27.) Defendant, a Maryland Limited Liability Company, was founded by Timothy "Will" Meier for the purpose of training and assisting freelance journalists. (Doc. No. 7-1 Maier Decl. ¶ 2.) Defendant owns and operates the domains "BaltimorePostExaminer.com" and "LAPostExaminer.com." (Id. ¶ 5.) Defendant posts news stories on BaltimorePostExaminer.com first, then posts the stories on LAPostExaminer.com with a minor headline change. (Id. ¶¶ 5–6.)

Plaintiff states he made the Photo available through Wikimedia for distribution, public display, and public digital performance under a Creative Commons license. (Doc. No. 9 ¶ 30–31.) Plaintiff alleges Defendant infringed Plaintiff's copyright in the Photo by publishing, copying, and displaying the Photo on its websites in February 2014 without providing attribution to Plaintiff, in violation of the terms of the license.[1] (Id. ¶¶ 32–36.)

On May 8, 2020, Plaintiff filed a complaint against Defendant for copyright infringement, seeking actual damages, disgorgement of profits, and statutory damages. (Id. ¶¶ 39–49.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the complaint for lack of personal jurisdiction.[2] (Doc. No. 7 at 1.)

---

[1] Plaintiff alleges Defendant used the Photo on the following webpages: http://baltimorepostexaminer.com/ted-nugent-disgrace-gop/2014/02/24, http://lapostexaminer.com/ted-nugent-good-democrats/2014/02/25, and http://baltimorepostexaminer.com/wp-content/uploads/600px-Ted_Nugent_2013-300x300.jpg. (Id. ¶ 34.)

[2] In its reply brief, Defendant makes the argument that Plaintiff's claim has "dispositive statute of limitations problems." (Doc. No. 11 at 1 n. 1.) However, its present motion to dismiss is based on a lack of personal jurisdiction, not a statute of limitations issue. (Doc. No. 7.) Thus, the Court declines to address the statute of limitations issue at this time.

**Discussion**

**I.    Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of establishing that the Court has jurisdiction over a defendant. Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). "Unless directly contravened, [the plaintiff's] version of the facts is taken as true," and disputed facts must be resolved in the plaintiff's favor. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003) (citing Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." Dow Chemical Co. v. Calderon, 422 F.3d 827, 830 (9th Cir. 2005) (quoting Chan v. Society Expeditions, 39 F.3d 1398, 1404-05 (9th Cir. 1994)). Because no federal statute authorizes personal jurisdiction in this case, the Court applies the law of the state in which it sits to determine whether it has personal jurisdiction over Defendant. Fed. R. Civ. P. 4(k)(1)(A). "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." Mavrix Photo, 647 F.3d at 1223 (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir. 2004)).

**II.   Analysis**

Personal jurisdiction may be either general (sometimes referred to as "all-purpose") or specific (sometimes referred to as "case-linked"), or both. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Plaintiff's amended complaint alleges the Court has specific personal jurisdiction over the Defendant "because it purposefully directed its activities towards the State of California," and Plaintiff's claim arises out of or relates to Defendant's California-related activities. (Doc. No. 9 ¶ 6.)

Defendant argues that the Court should dismiss the case because the Court has neither general nor specific personal jurisdiction over Defendant. (Doc. No. 7 at 4.) The Court concludes that it has specific personal jurisdiction over Defendant.

### A.     General Personal Jurisdiction

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Id. at 137 (quoting Brilmayer et al., A General Look at General Jurisdiction, 66 Tex. L. Rev. 721, 735 (1988)).

Defendant, a Maryland Limited Liability Company, is solely owned by Mr. Maier, who resides and works in Jessup, Maryland. (Doc. No. 7-1 Maier Decl. ¶ 1.) Defendant's only place of business is Maryland; it has no office, employees, or operations in California. (Id. ¶ 3.) Defendant was served with this lawsuit in Maryland. (Id.) Furthermore, in his opposition, Plaintiff only argues as to specific jurisdiction; he does not claim the Court has general personal jurisdiction. (Doc. No. 8 at 5.) Accordingly, the Court proceeds to analyze whether it has specific personal jurisdiction over Plaintiff.

### B.     Specific Personal Jurisdiction

"Specific jurisdiction is very different" from general jurisdiction. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017). Unlike general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (quoting Goodyear, 564 U.S. at 919).

Specific jurisdiction exists when all three elements of the following test are satisfied:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted). The plaintiff bears the burden of satisfying the first two elements; the burden then shifts to the defendant to demonstrate that the third element is not satisfied. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011).

### 1. Purposeful Direction

The form of the inquiry into the first prong of this test "depends on the nature of the claim at issue," and whether it sounds in contract or tort. Picot, 780 F.3d at 1212. Copyright infringement actions sound in tort and are therefore assessed under the purposeful direction analysis. See Mavrix Photo, 647 F.3d at 1228. Whether a defendant has purposefully directed his activities at the forum state requires application of another three-part test: "The defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 673 (9th Cir. 2012)). The primary inquiry of purposeful direction is "whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts.'" Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., No. 18-16026, 2020 WL 5035813, at *4 (9th Cir. Aug. 26, 2020) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–75 (1985)).

#### i. Intentional Act

The "intent" of the intentional act element is satisfied by "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Washington Shoe, 704 F.3d at 674 (quoting Schwarzenegger, 374 F.3d at 806). Plaintiff claims the fact that Defendant intentionally published the Photo is sufficient to satisfy this element. (Doc. No. 8 at 8.) Defendant does not dispute that

1  Plaintiff's Photo was posted on its two websites. (See Doc. No. 7 at 3.) The Court agrees
2  with Plaintiff. See Mavrix Photo, 647 F.3d at 1229 ("There is no question that [defendant]
3  acted intentionally reposting the allegedly infringing photos.").

      **ii.**  **Expressly Aimed**

5      The second element requires the plaintiff to demonstrate that the defendant's actions
6  were expressly aimed at the forum state. "Not all material placed on the Internet is, solely
7  by virtue of its universal accessibility, expressly aimed at every state in which it is
8  accessed." Mavrix Photo, 647 F.3d at 1231. "[M]aintenance of a passive website alone
9  cannot satisfy the express aiming prong." Id. (quoting Brayton Purcell LLP v. Recordon &
10 Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010)); see, e.g., Holland Am. Line Inc. v.
11 Wartsila N. Am., Inc., 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that
12 a mere web presence is insufficient to establish personal jurisdiction."); Pebble Beach Co.
13 v. Caddy, 453 F.3d 1151, 1158 (9th Cir. 2006) ("[W]e reject . . . any contention that a
14 passive website constitutes express[ ] aiming."). However, "operating even a passive
15 website in conjunction with 'something more'—conduct directly targeting the forum—is
16 sufficient." Mavrix Photo, 647 F.3d at 1229 (quoting Rio Props., Inc. v. Rio Int'l Interlink,
17 284 F.3d 1007, 1020 (9th Cir. 2002)). In determining whether a nonresident defendant's
18 website has done "something more" sufficient to satisfy the express aiming requirement,
19 the Ninth Circuit has considered "the interactivity of the defendant's website; the
20 geographic scope of the defendant's commercial ambitions; and whether the defendant
21 'individually targeted' a plaintiff known to be a forum resident." Id. (internal citations
22 omitted).

23      To satisfy this prong of the test, Plaintiff relies on Mavrix Photo, a case involving
24 unlawful publication of copyrighted photos, to support his argument that Defendant
25 expressly aimed at California. (Doc. No. 8 at 8–10.) In Mavrix Photo, the Ninth Circuit
26 held that the defendant expressly aimed its conduct at California as "a substantial number
27 of hits to [defendant's] website came from California residents," and the website displayed
28 advertisements that were specifically targeted to California residents, which "indicates that

[defendant] knows—either actually or constructively—about its California user base, and that it exploits that base for commercial gain by selling space on its website for advertisements." 647 F.3d at 1230. The court noted that it found the "most salient" fact to be that "[defendant] used [plaintiff's] copyrighted photos as part of its exploitation of the California market for its own commercial gain." Id. at 1229.

Plaintiff claims that Defendant's actions were expressly aimed at the California market to gain revenue from advertising. (Doc. No. 8 at 10.) Plaintiff argues that the name of Defendant's website – the LAPostExaminer.com – and its display (which depicts large text saying "Los Angeles" with the LA skyline pictured within the letters) demonstrate Defendant's express aiming at the California market. (Id. at 9–10.) In its motion to dismiss, despite claiming that it "does not target California readers," Defendant admits that it chose the "LA" designation in the domain name "to increase the market for Baltimore stories because LA is a bigger TV market, and that could help writers get noticed and get jobs, perhaps on the West Coast." (Doc. No. 7 at 2–3.) It also admits that 24% of its U.S. readers live within California, and that it had "Google ads" on the page of the LAPostExaminer.com that displayed Plaintiff's Photo. (Id.) In its reply Defendant claims, in a conclusory manner, that its "purpose is news rather than commercial," and that Mavrix Photo is distinguishable. (Doc. No. 11 at 3.) The Court agrees with Plaintiff that the name of Defendant's website, as well as Defendant's admission of its intention to target the California market, are sufficient to establish that Defendant's actions were expressly aimed at California. See Mavrix Photo, 647 F.3d at 1229.

### iii.    Harm Likely to Be Suffered in Forum State

The final element of the purposeful direction test requires the plaintiff to demonstrate that the defendant caused harm it knew was likely to be suffered in the forum state. "[T]he 'brunt' of the harm need not be suffered in the forum state. If a jurisdictionally sufficient amount of harm is suffered in the forum state, it does not matter that even more harm might have been suffered in another state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2006). In this context, "[t]he economic

loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." Mavrix Photo, 647 F.3d at 1231; see Brayton Purcell, 606 F.3d at 1131 (holding "it was foreseeable that [plaintiff] would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits."). In Mavrix Photo, the court agreed with the plaintiff that "by republishing the photos of [celebrities], [the defendant] interfered with [the plaintiff's] exclusive ownership of the photos and destroyed their market value" in California. Id.

Plaintiff claims that he "suffered harm in California because his copyrighted work was publicly displayed and viewed by residents of California." (Doc. No. 8 at 10–11.) He also argues that as an experienced journalist, Mr. Maier should have known about copyright protections, the harms suffered by copyright infringement, and the potential consequences of copyright infringement. (Id. at 11.) The Court agrees that harm was suffered in California, and that the harm was foreseeable to Defendant. The Court therefore concludes that Plaintiff has established the purposeful direction factor. See Mavrix Photo, 647 F.3d at 1231–32.

### 2. Arising Out of Forum-Related Activities

To demonstrate that its claims "arise out" of forum-related activities, a "Plaintiff[] must show that [it] would not have suffered an injury 'but for' [the Defendant's] forum related conduct. Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001); see also Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). In Mavrix Photo, the Ninth Circuit held this element was satisfied because the plaintiff's "claim of copyright infringement arises out of [the defendant's] publication of the photos on a website accessible to users in the forum state." 647 F.3d at 1228.

Plaintiff seeks damages for Defendant's alleged copyright infringement. (Doc. No. 9 ¶¶ 46–47.) Plaintiff must demonstrate that it would not seek this relief "but for" Defendant's contacts with California. Myers, 238 F.3d at 1075. Defendant states "the copyright infringement claim bears no relationship to any forum-related activities." (Doc. No. 7 at 4.) Plaintiff argues he "would not have suffered harm in California but for

Defendant's actions of posting the [Photo] on its LAPostExaminer.com website without a license." (Doc. No. 8 at 12.) The Court agrees with Plaintiff.

The Court concludes that Plaintiff has met his burden to establish the first two elements of the test for specific personal jurisdiction. The Court next considers whether Defendant has met its burden of establishing that exercising jurisdiction in this case would be unreasonable in this case.

### 3. Reasonableness

Once a plaintiff has established the first two elements, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp., 471 U.S. at 477. The Ninth Circuit applies a seven-part balancing test to determine whether a case satisfies the "fair play and substantial justice" element:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Dole Food Co. v. Watts, 303 F.3d 1104, 1114 (9th Cir. 2002).

Regarding these factors, Plaintiff argues the following: Defendant purposefully interjected itself into the forum state, litigating in California would not pose an undue burden on Defendant, exercising jurisdiction over Defendant in California would not conflict with Maryland law, California has a strong interest in adjudicating the suit, and that California is important to Plaintiff's convenience and effective relief. (Doc. No. 8 at 14–17.) Defendant claims there is "minimal, if any" interjection into California's affairs, and that there is a "clear burden on [Defendant's] sole principal to defend this case far from his Maryland home." (Doc. No. 11 at 3.) After reviewing the above factors, the Court concludes Defendant has not met its burden to present a compelling case that exercising personal jurisdiction in this case would be unreasonable.

# Conclusion

For the reasons above, the Court concludes that Defendant has purposefully directed its activities toward California, that Plaintiff's claim arises out of Defendant's California-related activities, and that the exercise of jurisdiction in this case would not be unreasonable.[3] The Court thus denies Defendant's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: September 10, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] The Court focused its analysis on Plaintiff's breach of copyright claim with regards to Defendant's posting of the Photo on LAPostExaminer.com, as that most readily supports the exercise of specific personal jurisdiction. Under the doctrine of pendent personal jurisdiction, the Court may also exercise jurisdiction over the claim regarding Defendant's posting of the Photo on BaltimorePostExaminer.com, which "arise[s] out of a common nucleus of operative facts." Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180–81 (9th Cir. 2004); see CollegeSource, 653 F.3d at 1076.