# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>                                   Plaintiff,<br><br>v.<br><br>THE BALTIMORE POST-EXAMINER,<br><br>                                   Defendant. | Case No.: 3:20-cv-00872-H-MSB<br><br>**ORDER VACATING HEARING AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>[Doc. No. 16.] |

On May 8, 2020, Plaintiff Larry G. Philpot ("Plaintiff") filed a complaint against Defendant The Baltimore Post-Examiner ("Defendant"). (Doc. No. 1.) On September 15, 2020, Defendant filed its answer. (Doc. No. 14.) On October 6, 2020, Plaintiff filed a motion to strike every affirmative defense in Defendant's answer. (Doc. No. 16.) Defendant filed its opposition on October 26, 2020. (Doc. No. 22.) Plaintiff filed his reply on November 2, 2020. (Doc. No. 23.)

A hearing on the matter is currently scheduled for November 9, 2020 at 10:30 a.m. The Court, pursuant to its discretion under the Local Rule 7.1(d)(1), determines the matter

is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons that follow, the Court denies Plaintiff's motion to strike.

## Background

Plaintiff is a freelance photographer who specializes in taking photographs of musicians at concerts and other performances. (Doc. No. 9 ¶ 15.) He is the owner of the copyright in a photograph he took of Ted Nugent in Indiana, Indianapolis on July 31, 2013 (the "Photo"). (Id. ¶¶ 26–27.) Plaintiff alleges Defendant infringed Plaintiff's copyright in the Photo by publishing, copying, and displaying the Photo on its websites in February 2014. (Id. ¶¶ 32–36.) On May 8, 2020, Plaintiff filed a complaint against Defendant for copyright infringement, seeking actual damages, disgorgement of profits, statutory damages, and injunctive relief. (Id. ¶¶ 39–49.) On September 15, 2020, Defendant filed its answer, in which it raised six affirmative defenses. (Doc. No. 14 at 4.) By the present motion, Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike all of the affirmative defenses contained in Defendant's answer. (Doc. No. 16.)

## Discussion

### I.  Legal Standards

Federal Rule of Civil Procedure 12(f) permits courts to strike "an insufficient defense" from a pleading. Fed. R. Civ. P. 12(f). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012). In reviewing a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and

grounds for the affirmative defense. It does not, however, require a detailed statement of facts." Islands Restaurants, 280 F.R.D. at 564 (citing Conley v. Gibson, 355 U.S. 41, 47–48 (1957)). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" Id. (quoting McArdle v. AT & T Mobility, LLC, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)). "Generally, to prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." Mattox v. Watson, No. CV 07-5006-RGK RZX, 2007 WL 4200213, at *2 (C.D. Cal. Nov. 15, 2007).

## II. Analysis

### A. Defendant's First Affirmative Defense

Defendant's first affirmative defense asserts Plaintiff's failure to state a claim upon which relief can be granted. (Doc. No. 14 at 4.) Plaintiff contends that, because Defendant already brought a motion to dismiss for lack of personal jurisdiction, asserting failure to state a claim at this stage of the lawsuit is improper. (Doc. No. 16 at 5.) On the contrary, Rule 12(h)(2) provides that failure to state a claim may be raised in any pleading allowed under Rule 7(a), which includes the answer. Fed. R. Civ. P. 7(a); 12(h)(2). The Court therefore denies Plaintiff's motion to strike the first affirmative defense.

### B. Defendant's Second and Fifth Affirmative Defenses

In its answer, Defendant asserts as a second affirmative defense that Defendant has not infringed any valid and enforceable copyright owned by Plaintiff, and as a fifth affirmative defense that Plaintiff's request for monetary relief is barred or limited, including by a lack of causation of any damages by any actions of Defendant. (Doc. No. 14 at 4.) Plaintiff argues these are not actual affirmative defenses, but rather "negative defenses" that merely deny an element of Plaintiff's claim or assert Plaintiff cannot meet the burden of proving his copyright infringement claim. (Doc. No. 16 at 6, 11.) But arguments that an affirmative defense is better characterized as a challenge to or a denial of an element of a plaintiff's cause of action "provide[] insufficient grounds for striking

the defenses." Smith v. Wal-Mart Stores, No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sept. 20, 2006); see Weddle v. Bayer AG Corp., No. 11CV817 JLS NLS, 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012) ("Denials that are improperly pled as defenses should not be stricken on that basis alone.") (quoting J & J Sports Prods., Inc. v. Delgado, No. CIV. 2:10-2517 WBS, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011)). Moreover, motions to strike are disfavored. See Islands Restaurants, 280 F.R.D. at 563–64. The Court denies Plaintiff's motion to strike the second and fifth affirmative defenses.

### C. Defendant's Third and Fourth Affirmative Defenses

In its answer, Defendant asserts as a third affirmative defense that Plaintiff's allegations are precluded, in whole or in part, by an express or implied license, and as a fourth affirmative defense that Plaintiff's allegations are barred by the equitable doctrines of laches, equitable estoppel, waiver, acquiescence and/or unclean hands. (Doc. No. 14 at 4.) Plaintiff argues these defenses must be stricken because they are "naked assertions" lacking "any factual support," and therefore fail "to meet the Twombly/Iqbal plausibility standard." (Doc. No. 16 at 6–8.)

Plaintiff declares that the Court "must apply" the Twombly and Iqbal plausibility standard to Defendant's pleading of its affirmative defenses. (Doc. Nos. 16 at 3; 23 at 6.) On the contrary, district courts in the Ninth Circuit are currently split over the pleading standard for affirmative defenses. Initially, Ninth Circuit district courts all applied a "fair notice" standard as articulated in Wyshak v. City Nat. Bank, 607 F.2d at 827. However, a split developed after the Supreme Court directed the federal courts to apply a "plausible on its face" standard to allegations in a complaint. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Subsequently, some courts have suggested that the Twombly and Iqbal plausibility standard also applies to affirmative defenses contained in an answer. E.g. Hernandez v. Cty. of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015); Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *6 n.4 (E.D. Cal. May 6, 2015). Other courts have found that the "fair notice" standard of Wyshak was unaffected by Twombly and Iqbal. See, e.g., Kohler v. Staples the Office

Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013); Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York, No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013).

The Court of Appeals for the Ninth Circuit has not explicitly addressed whether the Twombly and Iqbal plausibility standard should replace the Wyshak fair notice standard for affirmative defenses. However, since Twombly and Iqbal were decided, the Ninth Circuit has continued to recognize the Wyshak fair notice standard. See, e.g., Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); Simmons, 609 F.3d at 1023. Thus, absent further instruction, this Court will also continue to apply the Wyshak standard, and will not strike any affirmative defense for failing to include sufficient factual support. The Court concludes that the affirmative defenses at issue give Plaintiff fair notice of the defenses. See Wyshak, 607 F.2d at 827. Therefore, the Court denies Plaintiff's motion to strike Defendant's third and fourth affirmative defenses.

### D. Defendant's Sixth Affirmative Defense

Finally, in its sixth affirmative defense, Defendant reserves the right to assert additional affirmative defenses based on information learned or obtained during discovery. (Doc. No. 14 at 4.) Contrary to Plaintiff's claims, this defense does not create an independent legal avenue for Defendant to assert additional affirmative defenses; rather, if Defendant seeks leave to amend its answer to assert additional affirmative defenses, the request will be considered under applicable federal rules and law. Motions to strike are disfavored, and Plaintiff has failed to demonstrate that he has been prejudiced by Defendant's statement of its right to seek to amend its answer to add additional affirmative defenses following discovery. See Islands Restaurants, 280 F.R.D. at 563–64; Mattox, 2007 WL 4200213, at *2. Thus, the Court denies Plaintiff's motion to strike Defendant's sixth affirmative defense.

## Conclusion

For the reasons above, the Court **DENIES** Plaintiff's Rule 12(f) motion to strike in its entirety.

**IT IS SO ORDERED.**

DATED: November 3, 2020

                                      MARILYN L. HUFF, District Judge
                                      UNITED STATES DISTRICT COURT