Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
**SML AVVOCATI P.C.**
4640 Cass Street #90142
San Diego, CA 92019
Tel:   949.636.1391

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Larry G. Philpot**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **The Baltimore Post-Examiner**, a Maryland Limited Liability Company, <br><br> Defendant. | Case No. 3:20-cv-00872-H-MSB <br><br> **Opposition to Plaintiff's Motion for Summary Adjudication** <br><br> Date:  August 16, 2021 <br> Time:  10:30 a.m. <br><br> Honorable Marilyn L. Huff |

Pursuant to L.R. 7-9, Defendant The Baltimore Post-Examiner ("BPE") opposes hereby Plaintiff Philpot's summary judgment motion.

Philpot requests summary adjudication on the issue of copyright infringement, but as BPE explained in its co-pending Motion for Summary Judgment, infringement cannot lie because of the fair use doctrine, among other reasons.  *See* ECF No. 40 at 3-4; *see also* 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work, . . . for purposes such as criticism, comment, news reporting, . . . ***is not an infringement*** of copyright.") (emphasis added).  Therefore, this Court should deny Philpot's request for summary adjudication of copyright infringement.

Philpot also requests summary adjudication on BPE's affirmative defenses, including (1) "failure to state a claim," (2) "no infringement," (3) "invalid copyright," (4) "license," (5) "laches, equitable estoppel, waiver, acquiescence and/or unclean hands," (6) "lack of causation of any damages," and (7) reservation of other defenses. BPE's response is twofold. First, if BPE's Motion for Summary Judgment does not end this action, BPE will not proceed on its defenses (1), (3), (4) or (7), so BPE does not contest summary adjudication of those issues.[1] Second, BPE does contest summary adjudication on copyright non-infringement (Item (2) which also is addressed *supra* hereinabove), lack of causation of any damages, and unclean hands.

Concerning causation, the undisputed evidence confirms that BPE's posts including the accused infringing photo generated at most $2 of revenue, and no profit. *See* ECF No. 7-1 at 2-3 ¶¶ 8-9. Although Philpot asserts he "offers a license" for $3,500, he presents no evidence that it has ever been licensed, much less for that amount. Philpot also complains about attribution and an unspecified, speculative "monetary value in the form of advertising," the undisputed evidence shows de minimis revenue and zero profit. Therefore, there is no basis to find causation of damages as a matter of summary adjudication.

Concerning unclean hands, Philpot used the same underhanded tactic against BPE that caused other courts to label him—correctly—a "copyright troll." *See Philpot v. L.M. Commc'ns II of S.C., Inc.*, No. 17-173, at *5 (E.D. Ky. May 15, 2020) ("[Philpot] has filed countless similar suits across the country, leading other courts to label him a 'copyright troll.'"). As one of those courts explained:

> Philpot and his counsel are, in essence, copyright "trolls." Philpot has filed numerous actions nearly identical to this one not only in this Court, but throughout the country, and estimates that he has filed 50

---

[1] A simple meet and confer could have eliminated the need for any motion on these issues.

> such cases. *See Philpot v. WOS, Inc.*, 2019 WL 1767208 at *3 (W.D. Tex. Apr. 22, 2019). **His tactic is to place his photos on the internet, protected only with a "Creative Commons" license.** This means that anyone may use the images for free, so long as they provide proper attribution to Philpot, along with proper identification of the image. *Id.* at *2. **When users re-publish one of Philpot's images without attribution, he sues them for damages.** In this suit, and in the others filed in this court, Philpot claims he is "a renowned freelance photographer," with a "reputation as a premier photographer." Claiming that use of his work without attribution causes him to lose business opportunities, and weakens his reputation, he requests significant monetary damages in these cases.

*Philpot v. Emmis Operating Co.*, 18-816, 2019 WL 2928774, at *2 (W.D. Tex. July 8, 2019). Therefore, BPE's unclean hands affirmative defense is well-founded, because here there is (1) inequitable conduct by the plaintiff, (2) that directly relates to the claim, and (3) plaintiff's conduct injured the defendant. *See Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1038 (S.D. Cal. 2018). Concerning laches, it is undisputed that three years elapsed between Philpot's letter and filing suit, which certainly could be deemed both unreasonable and prejudicial given that Philpot is in the business of litigation. *See United States v. Ogden*, No. 20-1691, at *9 (N.D. Cal. Mar. 8, 2021) (laches requires unreasonable delay plus prejudice). Therefore, there is no basis to dismiss these defenses as a matter of summary adjudication.[2]

                                      Respectfully submitted,

Dated: August 2, 2021                 **SML Avvocati P.C.**

                                      By:   /s/ Stephen M. Lobbin
                                                Attorneys for Defendant

---

[2] BPE consents to summary adjudication dismissing the defenses of equitable estoppel, waiver, and acquiescence.

## PROOF OF SERVICE

I hereby certify that on August 2, 2021, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants, and via e-mail.

Dated:  August 2, 2021                             /s/ Stephen M. Lobbin